COMMONWEALTH *vs.* MARGARET J. BLEAKNEY.

Bristol.   October 26, 1931. — January 26, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Motor Vehicle,* Operation.   *Practice, Criminal,* Exceptions.   *Words,* "Knowingly colliding."

G. L. c. 90, § 24, as amended by St. 1928, c. 281, § 1, does not apply to the operator of a motor vehicle, against which, while it is stopped upon a public way, another person thoughtlessly or carelessly falls or walks and is injured in such circumstances that the vehicle's position is a mere condition and not a cause of the collision and the operator is a mere passive participant and not an actor in the collision.

At the trial of a complaint charging the defendant with a violation of G. L. c. 90, § 24, as amended by St. 1928, c. 281, § 1, there was evidence for the Commonwealth that a pedestrian upon a public way was struck and injured by a moving automobile operated by the defendant; and that the defendant knew of the impact and drove away without giving the information specified in the statute. There was evidence for the defendant that the automobile was stopped in traffic; and that the pedestrian, while walking across the street from the defendant's right and trying to attract the attention of the motorman of a street car on a track to the left of the defendant, walked into the side of the automobile. The defendant asked for a ruling that "A person does not collide with or otherwise cause an injury . . . if the person who claims to be injured runs against an auto which is standing still in traffic." Such ruling was refused and the judge instructed the jury that, under the statute, it made no difference whether the defendant's automobile were moving or stopped, if, to the defendant's knowledge, there was "contact and impact" between

it and the pedestrian. The defendant was found guilty and alleged exceptions. *Held*, that

(1) The defendant's evidence, if believed, disclosed a situation to which the statute did not apply, and to which the defendant's request for ruling called the judge's attention;

(2) In the circumstances, the charge was erroneous in not adequately stating the law applicable to the evidence, and the error was prejudicial to the defendant;

(3) The defendant's exceptions were sustained.

COMPLAINT, received and sworn to in the Second District Court of Bristol on May 3, 1929, charging the defendant with a violation of G. L. c. 90, § 24, as amended by St. 1928, c. 281, § 1.

Upon appeal to the Superior Court, the complaint was tried before *T. J. Hammond*, J. Material evidence and portions of the charge to the jury are stated in the opinion.

Rulings asked for by the defendant and refused by the judge were as follows:

"3. 'Colliding with' as used in the statute contemplates to strike or crash against."

"5. A person does not collide with or otherwise cause an injury, or strike, or crash against, or produce or bring about an injury, if the person who claims to be injured runs against an auto which is standing still in traffic.

"6. The statute as it applies to this [case] requires a situation where the operator runs into or against some person."

"9. If the defendant honestly and with good reason believed she did not collide with the person claimed to be injured, but that the latter ran into the defendant's car while running across the street, without looking, to catch a receding trolley car, then the defendant is not guilty."

The defendant was found guilty and alleged exceptions.

*A. C. Webber*, (*D. Silverstein* with him,) for the defendant.

*F. E. Smith*, Assistant District Attorney, (*W. C. Crossley*, District Attorney, with him,) for the Commonwealth.

BY THE COURT. The subjoined opinion was prepared by Mr. Justice Carroll, and was adopted after his death as the opinion of the court.

The defendant was found guilty in the Superior Court of

violating G. L. c. 90, § 24, as amended by St. 1928, c. 281, § 1. This statute, so far as here material, provides that "Any person who operates a motor vehicle upon any way, or in any place to which the public has a right of access, and who, without stopping and making known his name, residence and the number of his motor vehicle, goes away after knowingly colliding with or otherwise causing injury to any person, shall be punished by imprisonment for not less than two months nor more than two years."

The offence is alleged to have occurred on North Main Street, Fall River. It happened about thirty minutes after two o'clock on the afternoon of April 29, 1929. North Main Street runs through a thickly settled section, and is a main route from Fall River to Providence, Rhode Island. The center of the street is occupied by two lines of car tracks. The evidence for the Commonwealth was that a Mrs. Holbrook while walking across North Main Street from the easterly side to a street car moving southerly "on the further track" was struck by "the right front mudguard of the defendant's" motor vehicle; that the defendant was moving slowly in the car tracks "and proceeded two feet after the contact."

The defendant testified that she was operating her motor vehicle "on the right street car tracks, northerly"; that a street car in front of her came to a full stop; that she stopped her vehicle; that "her engine was still going"; that while waiting for the street car "to go ahead" she noticed Mrs. Holbrook "leave the right hand sidewalk with her arm raised looking upward trying to attract the attention of the motorman on a street car which was going southerly on the opposite track"; that Mrs. Holbrook walked into the side of her automobile; that she at once alighted from her car and spoke to Mrs. Holbrook and walked with her to the sidewalk and asked her, "Do you want my name?" and Mrs. Holbrook said "No"; that the automobiles in the street "were all blowing their horns"; that she then moved her vehicle from the traffic and came "back to where she had left Mrs. Holbrook . . . that . . . [she was] nowhere to be seen."

A witness operating his motor vehicle immediately in the rear of the defendant's testified that the street car in front of the defendant stopped all traffic; that while the traffic was stopped he saw Mrs. Holbrook crossing the street with her hand raised; that while "walking in that position she came in contact with the right side of the defendant's automobile which at that time was at a full stop."

The Commonwealth introduced testimony that the defendant's motor vehicle was not stopped; that she admitted "she had not stopped; that she did not tell Mrs. Holbrook or any one else who she was . . . that she did not know the law; that she had made a mistake and got herself in bad."

The defendant asked for certain rulings. They were refused and the defendant excepted. She also excepted to the statements in the charge, in substance: "If there was a collision it made no difference if the defendant's auto was moving or standing still at the time, provided one party was moving"; "It is a collision if one is in motion and the other at a standstill."

The significant words in the statute are "knowingly colliding with or otherwise causing injury" to any person. The statute was intended to punish the operator of a motor vehicle who goes away without stopping and making known his name, residence and number of his vehicle, after "knowingly colliding with or otherwise causing injury" to any person.

There was evidence, which the jury could have believed, that the defendant drove away without giving the information required; that she did this when she knew she had collided with and caused injury to Mrs. Holbrook. If the testimony of the defendant and her witness were believed, she was not moving; her motor vehicle was at rest, and Mrs. Holbrook walked against its side.

According to its derivation, the word "collide" means to strike together or come into collision. It has been held that the owner of a vessel at anchor or at her dock may in certain circumstances be held liable for a collision with a vessel in motion. See *Burnham* v. *China Mutual Ins. Co.*

189 Mass. 100, 102. The word "collision" has also been interpreted in automobile insurance cases. See *Pred* v. *Employers Indemnity Corp.* 112 Neb. 161; 35 Am. L. R. 1003. The defendant's contention is that if the defendant was not moving and while her motor vehicle was at rest in traffic the foot traveller walked against its side, the defendant was not guilty of the crime of going away after "knowingly colliding" with the traveller.

If the defendant's automobile was not moving when Mrs. Holbrook walked against it, there was a collision and the defendant was involved in it. But the words of the statute are not to be construed so as to make a defendant liable to the penalty imposed by the statute, merely because he was involved in a collision and went away without stopping and making known his name, residence and the number of his motor vehicle. It was not intended to punish the driver of a motor vehicle against which, while it is stopped in traffic, another person thoughtlessly or carelessly falls or walks where the position of such motor vehicle is a mere condition and not a cause of the collision. The words are "knowingly colliding." As we interpret them, they mean that the defendant was in some way the actor, not a mere passive participant in a collision, but to some extent causing the collision or actively colliding.

We have not to decide the meaning of the words when both the defendant and the person injured are moving, nor the meaning of the words as applied to a case where the defendant's vehicle is at rest and some one collides with it, if the defendant in whole or in part was the one colliding, or in any degree contributed to the collision. If the defendant's testimony were believed a jury could say that she was not the party "colliding" within the meaning of the statute; that her automobile was not moving; that the injured person walked against her car in daylight; that the defendant in no way contributed to the collision nor in any way caused it. It does not seem to us that the legislation was intended to make one who acted as the defendant did, if her evidence were believed, guilty of the crime set out in the statute. It is to be noted that the

words "knowingly colliding with" are followed in the same clause by the words "or otherwise causing injury to any person," indicating that, when a defendant is charged with violating the statute, the causing of the injury by the defendant in some degree is contemplated. The use of the word "knowingly" before "colliding" is also of importance. It emphasizes the criminal nature of the act.

The defendant was rightfully upon the highway. She cannot be convicted unless she was guilty of knowingly colliding with another. The instructions in effect were that it made no difference that the defendant's vehicle had stopped, if there were "contact and impact between Mrs. Holbrook and the defendant's automobile" and that was known to the defendant; that "the statute prescribes that which must be done"; that it is a collision where but one individual or one object is in motion; that "it is immaterial whether this defendant's car was in motion, or whether it was standing still provided contact occurred, because the question is not involved here as to who was at fault." Under these instructions if a defendant's car is not moving and while stopped in traffic is carelessly or even intentionally run into by the operator of another motor vehicle and the operator of the moving vehicle is injured, the defendant could be found guilty if he went away without disclosing the information required by the statute, although entirely blameless of the collision, and without causing or contributing to it in any degree. In these circumstances a formal compliance by the innocent party with the words of the statute would benefit no one and would promote no useful purpose. In our opinion such a defendant is not one who is "knowingly colliding" with a moving vehicle, and it was not intended by the statute to require such a defendant to furnish the information. We think that certain of the requests of the defendant brought the attention of the judge to the point in question; that her exceptions to parts of the judge's charge were well taken.

It is to be observed in this connection that § 26 of G. L. c. 90 requires every one operating a motor vehicle which in any manner is involved in an accident in which any person

is killed or injured to report forthwith in writing to the registrar.

What we have said has no application if a defendant's motor vehicle is moving and is involved in a collision, nor to a case where a defendant's motor vehicle is at rest if in any way it contributed to the collision. In the opinion of a majority of the court the instructions given to the jury deprived the defendant, if the evidence in her behalf were believed, of a defence to the crime charged against her.

*Exceptions sustained.*