COMMONWEALTH *vs.* FRANK H. ROBBINS.

Plymouth. September 15, 1992. - March 3, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Motor Vehicle*, Leaving scene of accident. *Statute*, Construction. *Constitutional Law*, Self-incrimination. *Practice, Criminal*, Instructions to jury, Required finding. *Words*, "Knowingly colliding."

At the trial of a defendant charged with leaving the scene of a motor vehicle accident without making himself known in violation of G. L. c. 90, § 24 (2) (*a*), the judge correctly instructed the jury that they were not to concern themselves with whether the defendant was at fault with respect to the manner in which he operated his vehicle, inasmuch as the Legislature did not intend fault to be a factor in determining whether the operator of a motor vehicle who knowingly collides with or otherwise causes injury must stop and make himself known. [445-448]

At the trial of a defendant charged with leaving the scene of a motor vehicle accident without making himself known in violation of G. L. c. 90, § 24 (2) (*a*), the judge correctly denied the defendant's motion for a required finding of not guilty filed at the conclusion of the Commonwealth's case where, by then, the evidence showed that regardless of whose theory was the correct one, the Commonwealth's or the defendant's, the defendant was "in some way the actor, not a mere passive participant" in what happened, and, since the Commonwealth's case did not deteriorate between the time that the Commonwealth rested and the close of all the evidence, the judge correctly denied the defendant's motion for a required finding at the close of all the evidence. [448-449]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on February 7, 1990.

On appeal to the jury session of the Wareham Division, the case was tried before *James W. O'Neill*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Carlo Obligato*, Committee for Public Counsel Services, for the defendant.

*John E. Bradley*, Assistant District Attorney, for the Commonwealth.

O'CONNOR, J. A jury of six found the defendant guilty of leaving the scene of a motor vehicle accident without making himself known in violation of G. L. c. 90, § 24 (2) (*a*) (1990 ed.). At the close of the Commonwealth's case and again at the close of all the evidence, the defendant moved for a required finding of not guilty. Both motions were denied. On direct appellate review, the defendant contends that the judge erred in denying his motions, and that the judge's instructions to the jury were erroneous. We affirm the defendant's conviction.

In presenting its case, the Commonwealth presented the following evidence. On the evening of February 4, 1990, the defendant and Deanna Ledew left a Brockton bar. The defendant drove away in his truck with Ledew as his passenger. Traveling at approximately thirty to thirty-five miles per hour, the truck suddenly swerved to the right and then continued for about one hundred yards and stopped in a driveway. John Shea was driving an automobile about one hundred yards behind the defendant's truck. Shea testified that, as he drove by the place where the defendant's truck swerved, he saw a body, later identified as Ledew, in the road. Shea did not know how Ledew got there. Shea stopped his vehicle and walked toward the truck. Shea testified that the defendant got out of the truck and "said something like, 'She just jumped out in front' or 'She jumped out in front,' something like that." On cross-examination, Shea said that he had told the police that the defendant had said, "She jumped out into the street." There was evidence that the defendant approached the body but then returned to his truck and drove away without leaving his name, home address, or registration number. As a result of injuries sustained in the incident, Ledew died.

General Laws c. 90, § 24 (2) (*a*), provides in relevant part: "Whoever . . . operates a motor vehicle upon any way . . .

and, without stopping and making known his name, residence and the register number of his motor vehicle, goes away after knowingly colliding with or otherwise causing injury to any person shall be punished . . . ." The judge charged the jury repeatedly, both in his initial instructions and in response to the jury's question during their deliberations, that they were not to concern themselves with whether the defendant was at fault with respect to the manner in which he operated his truck. Fault, the judge said, was irrelevant. The judge told the jury, "Now, collide means to strike together. This statute applies whenever the defendant is in some way an actor, a partial cause in the collision; but it does not apply where the defendant is merely a passive participant. Our courts have held in the past, for example, that where a pedestrian falls or walks into a person's stopped motor vehicle, that that is not a collision or otherwise causing personal injury within the definition of the statute. However, the question is not as to who was at fault. The question was whether or not the operation of the motor vehicle by the defendant, to any degree, did that operation contribute to either a collision or did it contribute in any way to the injuries involved that you've heard testimony about. And again, I state to you it is not a question as to who was at fault."

The judge's jury instructions were correct. We do not agree with the defendant that G. L. c. 90, § 24 (2) (*a*), applies only to a driver who was at fault. The statute says nothing about fault as a prerequisite to the requirement that a motorist stop and identify himself. In the usual motor vehicle tort case there are at least two questions with respect to the defendant's liability: was the defendant negligent, that is, at fault, and, if so, did the defendant's conduct cause the injuries of which the plaintiff complains. The statute focuses on causation, not fault. Indeed, the statute would be unworkable if it were to be construed as the defendant would have us construe it. Such a construction would require a motorist involved in an accident to make an immediate and accurate assessment of his fault in order to know whether the law obliges him to make himself known. It is unlikely that the

Legislature intended such a result. Furthermore, the constitutionality of such a statute would be doubtful. This court has held that c. 90, § 24 (2) (a), does not run afoul of the provision in art. 12 of the Declaration of Rights of the Massachusetts Constitution which states that "[n]o subject shall . . . be compelled to accuse, or furnish evidence against himself." *Commonwealth* v. *Joyce*, 326 Mass. 751, 753 (1951). In *Joyce*, we concluded that art. 12 is not offended by the statute's requiring a defendant's implied statement that he had "knowingly collided with a person on the highway." *Id.* at 754. We observed that "there is nothing criminal in the fact of a collision." *Id.* However, if we were to construe § 24 (2) (a) as requiring a motorist to stop and identify himself only if he was at fault, there is a real danger that, in some circumstances, a motorist's compliance with the statute would tend to incriminate him.

We conclude that the Legislature did not intend fault to be a factor in determining whether the operator of a motor vehicle who knowingly collides with or otherwise causes injury must stop and make himself known. *Commonwealth* v. *Bleakney*, 278 Mass. 198 (1932), relied on by the defendant, does not hold otherwise. In that case, the defendant testified that she was operating her automobile behind a street car, the street car stopped and she stopped behind it, and then a woman walked into the side of her stopped vehicle. *Id.* at 200. The court held that, if those were the facts, c. 90, § 24, did not require the defendant to make herself known. We said, "[t]he words [of the statute] are 'knowingly colliding.' As we interpret them, they mean that the defendant was in some way the actor, not a mere passive participant in a collision, but to some extent causing the collision or actively colliding." *Id.* at 202. We also said, disapprovingly, that, if the statute were to apply to a person whose vehicle is stopped in traffic, he "could be found guilty if he went away without disclosing the information required by the statute, although entirely blameless of the collision, and without causing or contributing to it in any degree." We rejected the idea that such a result was intended by the Legislature. *Id.* at 203.

The defendant reads *Bleakney* as saying that one who is "blameless," that is, not at fault in causing a highway accident, is not subject to the identification requirement of § 24 (2) (*a*), and that therefore the judge was wrong when he told the jury otherwise. We do not read *Bleakney* the way the defendant does. In context, the observation that the statute should not be construed as applying to an operator who is "entirely blameless of the collision, and without causing or contributing to it in any degree," refers only to a mere "passive participant" such as the defendant in *Bleakney*. Nothing in *Bleakney* suggests that a defendant who "was in some way [an] actor," *id.* at 202, although not negligent, is not within the purview of the statute. The judge's jury instructions to that effect were correct.

We turn to the defendant's claim that the judge erred when he denied the defendant's motions for a required finding of not guilty. At the trial, the Commonwealth's theory was that Ledew's injuries and death resulted from a collision between the defendant's truck and Ledew. The Commonwealth relied on the evidence recited at the outset of this opinion and, in addition, the testimony of a forensic pathologist, a forensic chemist, and a police detective. The defendant's theory was that Ledew's injuries and death were caused by her jumping from the truck while it was moving. By the close of the Commonwealth's case, the evidence was sufficient, in our view, to support either theory. In any event, the judge rightly denied the defendant's motion for a required finding of not guilty filed at the conclusion of the Commonwealth's case because, by then, the evidence showed that, regardless of whose theory was the correct one, the defendant was "in some way the actor, not a mere passive participant," *Commonwealth* v. *Bleakney, supra* at 202, in what happened, and, since the Commonwealth's case did not "deteriorate between the time that the Commonwealth rested and the close of all the evidence," *Commonwealth* v. *Kelley*, 370 Mass. 147, 150 n.1 (1976), the judge was correct in denying

the defendant's motion for a required finding at the close of all the evidence.

*Judgment affirmed.*