COMMONWEALTH *vs.* JAMES H. HORSFALL.

Middlesex.    November 18, 1912. — January 4, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Automobile. Practice, Criminal,* Conduct of trial, Verdict, New trial. *Words,* "Knowingly."

At the trial of an indictment under St. 1909, c. 534, § 22, for operating an automobile recklessly, where it appears that, when the defendant was operating a forty-eight horse power touring car upon a State road with ample room to pass another automobile which was standing at the side of the road, he ran into and injured that automobile and also struck and injured a woman who was near it, it is right for the presiding judge to refuse to rule that, if after it first was possible for the defendant to see the woman he did everything that was possible to avert the accident, he could not be found guilty; because the defendant's driving before that moment might have been reckless and in disregard of the rights of other travellers whether they were in sight or not.

At the trial of an indictment under St. 1909, c. 534, § 22, for operating an automobile recklessly, a statement in the charge of the judge to the effect that automobiles must be used very much as other vehicles must be used and that the driver's duty is to look out for persons and other vehicles on the highway is correct; and an instruction, that the care which the driver of an automobile must exercise "is proportionate to that instrumentality or engine which he has in charge," even if not expressed with precise technical accuracy, is correct in substance.

At the trial of a criminal case, as in a civil one, the presiding judge under R. L. c. 173, § 80, has a right to "state the testimony" and may read to the jury his notes of the testimony of one of the witnesses.

Upon an indictment under St. 1909, c. 534, § 22, against the driver of an automobile for knowingly going away without stopping and making himself known after causing injuries to person and to property, the defendant cannot be said "knowingly" to have failed to perform the requirements of the statute if after causing the injuries he sent back from the place where his automobile stood disabled by the collision a messenger with instructions to tell his name and residence and supposed that the messenger had done this, although in fact he had not.

At the trial of an indictment under St. 1909, c. 534, § 22, which contained a first count charging the defendant with operating an automobile recklessly and other counts charging the defendant with knowingly, while operating an automobile, going away without stopping and making himself known after causing injuries to person and to property, there was no error in the rulings of the judge in regard to the first count but his charge contained erroneous instructions in regard to the other counts mentioned. The jury found the defendant guilty both on the first count and on the other counts mentioned. In sustaining the defendant's exceptions to the erroneous instructions, *it was ordered,* that the new trial should be confined to the counts to which the erroneous instructions related and that the verdict of guilty upon the first count should stand.

INDICTMENT, found and returned on January 5, 1912, for alleged violation of the provisions of St. 1909, c. 534, § 22, with four counts.

The first count charged the defendant with operating an automobile recklessly at Wilmington on November 11, 1911; the second count charged him with operating an automobile at the same time and place while under the influence of intoxicating liquor; the third count charged that the defendant on the same day "while operating an automobile on a way in Wilmington did knowingly go away without stopping and making himself known after causing injury to the person of Ruth Kittredge;" and the fourth count charged that the defendant on the same day "while operating an automobile on a way in Wilmington did knowingly go away without stopping and making himself known after causing injury to the property of Albert H. Zepp."

At the trial in the Superior Court before *McLaughlin,* J., the facts appeared in evidence which are stated in the opinion. The defendant's automobile, besides striking the aged woman there mentioned, also struck and injured the stationary automobile near which she was standing.

At the close of the evidence the defendant asked the judge to give to the jury the following instructions:

"1. If the defendant had no reason to believe that a woman was standing at the point where this woman was struck and if, after it was first possible for him, under existing conditions, to see the woman, he did everything that was possible to avert the accident, then your verdict should be not guilty upon the first count of this indictment.

"2. The driver of an automobile is not bound, in the operation of his car, to anticipate and guard against unusual dangers, the existence of which he has no reasonable grounds to anticipate, and he is bound only to use the utmost care after he has become aware of them to prevent an accident."

The judge refused to give these instructions, and instructed the jury in regard to the reckless operation of an automobile as stated in the opinion. The defendant excepted to the refusal of the instructions requested by him and to certain portions of the judge's charge which are described sufficiently in the opinion.

The jury found the defendant guilty on the first, third and fourth counts and not guilty on the second count. The defendant alleged exceptions.

*J. F. Cavanagh,* (*M. F. Connelly* with him,) for the defendant.
*J. J. Higgins,* District Attorney, for the Commonwealth.

RUGG, C. J. This indictment charges in separate counts that the defendant (*inter alia*), in violation of St. 1909, c. 534, § 22, upon a public way, operated an automobile "recklessly" and "knowingly" went "away without stopping and making himself known after causing injury" to person and to property.

The undisputed facts were that the defendant, while driving a forty-eight horse power automobile of the touring car type upon a State road, struck an aged woman standing near a stationary automobile, inflicting injuries from which she died. The stationary automobile upon the side of the way was observed by the defendant some distance before he reached it, and the horns

of both automobiles were sounded before the accident.    There was ample room to pass.

1. The defendant's first two requests for instructions as to reckless operation of the automobile were denied rightly.    The crime charged was that the defendant operated an automobile recklessly.    Instructions as to the meaning of these words were given, to which no exception was taken.    As bearing upon this crime the defendant's conduct after he saw the woman was by no means decisive, for his driving previous to that moment may have been such as to ignore the rights of other travellers, even if he did not see them.    Antecedent conduct may be found to be reckless, even though all possible care may be exercised after the specific danger is actually discovered.    Indeed, a person might be guilty of reckless driving although no one was upon the street. *Mayhew* v. *Sutton*, 20 Cox C. C. 146.    *Lawrence* v. *Fitchburg & Leominster Street Railway*, 201 Mass. 489, 492, has no bearing upon the facts disclosed here.

2. The statement in the charge to the effect that automobiles must be used very much as other vehicles must be used and that the driver's duty is to look out for persons and other vehicles on the highway was not open to exception.

3. The instruction was correct that the care, which the driver of an automobile "must exercise, is proportionate to that instrumentality or engine which he has in charge."    Speaking with precise technicality, every traveller upon a highway is bound to exercise the care of the ordinarily prudent and cautious person under all circumstances.    The degree of vigilance and continuity of alertness necessary to attain that standard vary with the time and place, surroundings and means of transportation.    But it would savor too much of refinement to hold that there is any practical inaccuracy in saying that one driving a high-powered automobile must exercise greater care toward others on a State highway than one plodding along a country road with an ox team. The charge upon this point was full and without error.    *Keith* v. *Worcester & Blackstone Valley Street Railway*, 196 Mass. 478, and cases cited.    *Brown* v. *Thayer*, 212 Mass. 392, 396.    *Sullivan* v. *Scripture*, 3 Allen, 564.

4. There is nothing in the exception to the reading to the jury by the judge from his notes of the testimony of one of the wit-

nesses. He had a right to "state the testimony." R. L. c. 173, § 80.

5. Upon the counts which charged that the defendant "did knowingly go away without stopping and making himself known after causing the injury" to person and to property, there was evidence tending to show that the defendant while waiting for a considerable time at his own automobile which was disabled by the accident sent a man named Brooks back to the place, where the woman was injured and where the other automobile remained, with instructions to disclose his identity, and that Brooks although going to the place did not tell who the defendant was. Upon this aspect of the case the jury were instructed, in substance, that, even though the defendant told Brooks to go back and tell his name and residence and relied on him to do it and supposed he had done it, yet if Brooks failed to do as requested then the defendant had not complied with the statute.

The question is as to the meaning of the statute. Its obvious purpose is to enable those in any way injured by the operation of an automobile upon a public way to obtain forthwith accurate information as to the person in charge of the automobile. It should be interpreted in such way as to effectuate this end. Manifestly it imposes active and positive duties upon the operator of the automobile. It is not satisfied by stopping at some remote, obscure or inaccessible place, nor by a mere passive willingness to answer inquiries. In unmistakable language it requires the tendering on the spot and immediately of explicit and definite information as to himself of a nature which will identify him readily, and make it simple and easy to find him thereafter. While the statute does not state in terms to whom this information shall be given, its plain implication is that it must be furnished to those whose person or property has been injured, if reasonably possible, and if not to some one in their interest or to some public officer or other person at or near the place and time of injury. But the inhibited conduct consists in "knowingly" going away without giving this information. There are many statutes which prohibit the performance of a certain act without regard to the intent of the actor or his knowledge that elements are present which constitute a crime. *Commonwealth* v. *Mixer,* 207 Mass. 141, and cases there collected. It would have been simple for the Legis-

lature to have made the act of going away by the driver of an automobile without making himself known after injuring person or property a crime, and this would have been accomplished by omitting the word "knowingly" from the statute. The insertion of this word cannot be treated as immaterial. It is a principle of statutory construction that all words found in the act shall be given effect, if possible. "Knowingly" is a word frequently inserted in statutes creating crimes. In such connection, it commonly imports a perception of the facts requisite to make up the crime. For one who operates an automobile "knowingly" to go away without making himself known requires a consciousness not only of the fact that he is going away, but of the further fact that he has not made himself known. If in truth he has delegated the duty of revealing his identity to an agent, and honestly and with good reason supposes that this delegated duty has been performed, he cannot be said "knowingly" to have failed to do what the statute requires, even if the agent did not discharge his duty. If the transaction was genuine throughout, the driver of the automobile may thoroughly, though mistakenly, believe that the requirement of the law has been observed. The charge of the judge did not state accurately the law upon this branch of the case, and hence this exception must be sustained.

No error is disclosed as to the trial upon the first count of the indictment. The verdict of guilty upon that count is to stand. The exception which is sustained relates only to the third and fourth counts, and the new trial must be confined to those counts.

*So ordered.*