COMMONWEALTH *vs.* ABEL NURMI.

Worcester.    September 23, 1924. — October 17, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Motor Vehicle,* Operation.    *Evidence,* Relevancy and materiality.

Where, at the trial of a complaint charging that the defendant while operating a motor vehicle did go away after knowingly colliding with and causing injury to a person, without stopping and making known his name, residence, and the number of his motor vehicle, there was evidence tending to show that the defendant collided with a girl eight years of age, knew that he had done so, stopped his motor vehicle, got out and stood on the running board, looked back and a few minutes later drove away without making known his name, residence, and the number of his motor vehicle, it was proper to refuse a request by the defendant for a ruling that "The government must prove beyond reasonable doubt that the defendant did not stop"; and a verdict that the defendant was guilty as charged with a violation of G. L. c. 90, § 24, was warranted.

At the trial of the action above described, it was proper to exclude as irrelevant and immaterial a question asked of the defendant: "If you had known that the little girl was injured would you have gone across the street and reported to the police station?"

COMPLAINT, received and sworn to on April 22, 1924, in the First District Court of Northern Worcester charging that the defendant "while operating a motor vehicle on a way in said Gardner did go away after knowingly colliding with and causing injury to Regina Chamberlain without stopping and making known his name, residence and the number of his motor vehicle, as required by law."

On appeal to the Superior Court, the complaint was tried before *Hayes,* J., district judge presiding in the Superior Court under the provisions of St. 1923, c. 469. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict of not guilty be ordered. The motion was denied. The defendant then asked that the jury be instructed: "The government must prove beyond reasonable doubt that the defendant did not stop." The request was refused, to which refusal the defendant excepted. The judge charged the jury: "The government must show that the defendant did go away after knowingly colliding with and causing injury to Regina Chamberlain without stopping and making known his name, his residence, and the number of his motor vehicle. That he must not only stop but must also make known his name, his residence and the number of his motor vehicle. If he failed to do all these things, if he stopped, but did not make known his name, residence and number of his motor vehicle, he was guilty of the offence charged." The record shows no exception to this charge.

The defendant was found guilty and alleged exceptions.

*J. A. Anderson,* for the defendant.

*C. B. Rugg,* Assistant District Attorney, (*R. N. Molt,* Assistant District Attorney, with him,) for the Commonwealth.

CROSBY, J. This is a complaint charging that the defendant on April 21, 1924, while operating a motor vehicle, did go away after knowingly colliding with and causing injury to a person, without stopping and making known his name, residence and the number of his motor vehicle.

At the trial in the Superior Court, the Commonwealth offered evidence tending to show that while the defendant was operating his automobile in Gardner, one Regina Chamberlain, a girl eight years old, ran out from behind a tree and collided with, and was struck by, the right front mudguard of the defendant's car, and thereby received a personal injury; that the girl was knocked down but immediately got up and ran across the street; that the defendant stopped his car within eighty feet of the place of collision; that he got out and stood on the running board, looked back, and a few minutes later drove away without making known his name, residence and the number of his motor vehicle.

The defendant offered evidence tending to show that he saw a little girl run out from behind a tree toward his automobile; that he felt no jolt of the car and did not know that he had collided with her; that he stopped his car within twenty feet and got out and went back to where he had seen her leave the sidewalk; that she had disappeared and there was no indication that she was injured or that he had collided with her; that some one in a group farther down the street waved his hand to him in such a way as to indicate that no harm had resulted, and shouted " all right " or " go on "; that he went back to his automobile and drove away. He further testified that he thought the child did not collide with the automobile.

At the close of the evidence the defendant filed a motion that the jury be instructed to return a verdict of not guilty, which was denied and the defendant excepted. The defendant also excepted to the exclusion of the answer to a question put to him by his counsel, and to the refusal of the trial judge to instruct the jury as requested by him.

G. L. c. 90, § 24, makes it a criminal offence for a person operating a motor vehicle upon a way, who knowingly collides with or otherwise causes injury to another, to go away without stopping and making known his name, residence and the number of his motor vehicle. The defendant admits that he was operating his automobile on the highway on the day in question, and there was evidence that it col-

lided with and caused injury to the girl, and that thereafter he stopped his car at some distance away from where the collision occurred; but he does not contend that he made known his name, residence or number of his motor vehicle. His testimony that he saw the girl run out from behind a tree toward his automobile, that he stopped within twenty feet, and got out and went back to where he had seen her " dash off the sidewalk," and that she had disappeared, together with the evidence that she was knocked down and immediately got up and ran across the street, warranted the jury in finding that the defendant knew that he had collided with her. If he had knowledge of such collision, it was his duty under the statute not only to stop, but also to make known his name, residence, and number of his motor vehicle. *Commonwealth* v. *Horsfall*, 213 Mass. 232.  *State* v. *Verrill*, 120 Maine, 41.  *State* v. *Sterrin*, 78 N. H. 220.  *People* v. *Curtis*, 217 N. Y. 304.  As it could have been found that he knowingly collided with the girl and went away without complying with the statute, a verdict of guilty was warranted; and the motion for a verdict of acquittal was rightly denied.

The exception of the defendant to the refusal of the trial judge to give the instruction requested is overruled. The request properly could not have been given as it was not posited upon other facts which were required to be proved to establish the defendant's guilt.

The defendant was asked by his counsel the following question: " If you had known that the little girl was injured would you have gone across the street and reported to the police station? " The question was rightly excluded. It was immaterial whether he would have reported to the police station if he had known the girl was injured. If he knew that she was injured he was under no legal obligation to report to the police station. If he had been permitted to answer, and his answer had been in the affirmative, it would not have been relevant or material to any issue involved at the trial.

*Exceptions overruled.*