COMMONWEALTH *vs.* JOHN TSOUPRAKAKIS.

Middlesex.     February 26, 1929. — June 4, 1929.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Bail. Statute,* Construction. *Constitutional Law,* Excessive bail. *Words,* "Separate occasions."

One who, not having been approved and registered as a professional bondsman, recognized as surety for eight persons who had been arrested and who appeared before the clerk of courts at one time for that purpose, and, within twelve months thereafter, recognizes as surety for twenty-two persons who had been arrested and who appeared before the clerk of the court at one time for the purpose of giving bail with him as surety, violates § 61B, added to G. L. c. 276 by St. 1926, c. 340, there being a separate occasion for giving bail in the case of each defendant and consequently a "separate occasion" for a person becoming his "bail or surety."

Such construction of the statute does not bring it into conflict with art. 26 of the Declaration of Rights of the Constitution which provides that "No magistrate or court of law shall demand excessive bail or sureties."

INDICTMENT, found and returned on November 7, 1928, and described in the opinion.

In the Superior Court, by consent of the defendant, the case was heard by *Donahue,* J., without a jury, on an agreed statement of facts. Material facts are stated in the opin-

ion.  The judge found the defendant guilty.  The defendant alleged exceptions.

The case was submitted on briefs.

*G. F. Toye,* for the defendant.

*R. T. Bushnell,* District Attorney, & *F. A. Crafts,* Assistant District Attorney, for the Commonwealth.

FIELD, J.  The defendant was indicted for violation of St. 1926, c. 340, in that he "on the sixth day of September in the year of our Lord one thousand nine hundred and twenty-seven at Lowell in the County of Middlesex aforesaid, not having been approved and registered as a professional bondsman by the Superior Court or by a Justice thereof, did become bail or surety in a criminal case after having become bail or surety in criminal cases on more than three separate occasions in a twelve months' period."  The defendant pleaded not guilty and waived his right to a trial by jury. An agreed statement of facts in writing was introduced in evidence.  The defendant moved that a finding of not guilty be directed by the court, and filed the following requests for rulings: (1) "On the facts as stated in the agreed statement of facts the defendant is not guilty of the offense charged"; (2) "The facts stated in the agreed statement of facts do not constitute a violation of" St. 1926, c. 340; and (3) "The act of the defendant in recognizing as surety for twenty-two persons simultaneously on September 6, 1927, constitutes but one single occasion within the meaning of" St. 1926, c. 340.  The motion for a directed finding and the requests for ruling were denied and the defendant excepted.  The judge found the defendant guilty.

St. 1926, c. 340, which amended G. L. c. 276 (see § 61B) and took effect September 1, 1926, provides that "Any person proposing to become bail or surety in a criminal case for hire or reward, either received or to be received, and any person becoming bail or surety in a criminal case after having become bail or surety in criminal cases on more than three separate occasions in any twelve months' period, shall be deemed to be a professional bondsman and shall not be accepted as bail or surety until he shall have been approved and registered as a professional bondsman by the Superior Court

or by a justice thereof . . . . Any unregistered person receiving hire or reward for his services as bail or surety in any criminal case, and any unregistered person becoming bail or surety in any criminal case after having become bail or surety in criminal cases on more than three separate occasions in any twelve months' period, and any person herein defined as a professional bondsman violating any provision of the rules established hereunder for such bondsmen, shall be punished by a fine of not more than one thousand dollars or by imprisonment for not more than one year, or both."

The defendant was not, during the period in question "approved and registered as a professional bondsman." On September 6, 1927, he "did become bail or surety in a criminal case." The question for determination is whether he did so "after having become bail or surety in criminal cases on more than three separate occasions in any twelve months' period."

The manner in which the defendant became "bail or surety" was as follows: "On September 6, 1927 twenty-two persons, all being acquaintances of this defendant, were arrested and charged with the offence of being present where gaming implements were found and were committed to the police station in Lowell; the clerk of the District Court of Lowell came to the police station for the purpose of admitting the prisoners to bail; this defendant told the said clerk that he desired to act as surety for the twenty-two persons arrested and the clerk caused to be prepared affidavits relative to the property owned by this defendant, and being satisfied as to the sufficiency of the same he had all of the arrested persons and this defendant stand in front of a desk and said, collectively, to all of the persons in custody and to this defendant, substantially as follows: 'You (naming the persons in custody) each recognize to the Commonwealth in the sum of $50, with John Tsouprakakis as your surety, for the appearance of you (naming the persons in custody) before the District Court of Lowell,' etc., and thereupon admitted them to bail, with said Tsouprakakis as their surety." Prior to these events, on January 9, 1927, the defendant and eight others were arrested. He then gave cash bail for himself,

and recognized as surety for the other eight persons in the same manner as on September 6, 1927.

The statute under which the defendant was indicted regulates persons who "become bail or surety" in criminal cases as a business or profession. It applies to persons who "become bail or surety . . . for hire or reward" and to those who for any reason "become bail or surety" frequently. Such a person must be "approved and registered as a professional bondsman." The statute recognizes, however, that any person is liable to be called upon to "become bail or surety" in a criminal case because of acquaintance, friendship, charity or some like reason, and excludes from its application any person who becomes "bail or surety" without "hire or reward" provided he does not do so "after having become bail or surety . . . on more than three separate occasions in any twelve months' period." In order to determine whether on the facts of the present case the statute applies to the defendant, the meaning of the words "separate occasions" as used therein must be found.

The "more than three separate occasions" which are referred to in the statute must be reckoned from the viewpoint of the "bail or surety." They are "occasions" for "becoming bail or surety." The word "occasion" may mean only a particular time but usually, "according to the common and approved usage of the language" (G. L. c. 4, § 6, Third), it has a broader significance. It carries the idea of opportunity, necessity or need or even cause in a limited sense. It is not essential to fix the exact shade of meaning of the word "occasions" as used in the statute. In any one of its more usual meanings the "occasion" for one person "becoming bail or surety" is the presence of another person before a court or officer authorized to admit to bail with the alternative of giving bail or being committed to jail. Whenever this situation arises it furnishes an opportunity to "become bail or surety," creates the necessity therefor and is a factor in bringing to pass that someone becomes "bail or surety." Whatever joinder of defendants there may have been in alleged wrongdoing, in a complaint or indictment or in any procedural step the need of each defendant for bail must be

met separately. There can be no joinder of defendants in a recognizance. Each defendant's obligation is several. See G. L. c. 276, § 65. *Commonwealth* v. *Field*, 9 Allen, 581. *Ferry* v. *Burchard*, 21 Conn. 597. In the case of each defendant, therefore, there is a "separate occasion" for giving bail and consequently a "separate occasion" for a person becoming his "bail or surety." Even if the same person at the same moment of time becomes "bail or surety" for more than one defendant, he becomes "bail or surety" on more than one "separate occasion." There is a separate opportunity, necessity and cause for that person to become "bail or surety" for each defendant.

If the Legislature had intended that the test of violation of the statute should be "becoming bail or surety" after having done so in more than three separate cases or on more than three separate complaints or indictments or at more than three different times, irrespective of the number of defendants involved, it could have said so readily. It well may have thought that liability to prosecution for crime should not depend upon the immaterial circumstance that separate rather than joint complaints or indictments were used, or that the court or officer admitting to bail took recognizances successively rather than simultaneously. The language of the statute must be taken as having been used advisedly. There is no sufficient basis for the inference that the interpretation here given to it is more severe than was intended by the Legislature or that the Legislature intended to permit an "unregistered person" to "become bail or surety" for a large number of persons if because they had been engaged in a common criminal enterprise or for some other reason they happened to be prosecuted at the same time. No rule of strict construction of penal statutes requires that language be strained to reach a result favorable to the defendant. *Commonwealth* v. *Loring*, 8 Pick. 370. Nor does the construction here given to the statute bring it into conflict, as the defendant suggests, with art. 26 of the Declaration of Rights of the Constitution which provides that "No magistrate or court of law shall demand excessive bail or sureties."

On the facts of this case and the correct interpretation of

the words "separate occasions" in the statute the defendant became "bail or surety" on eight "separate occasions" on January 9, 1927, and on twenty-two "separate occasions" on September 6, 1927, each occasion being in a criminal case. Each occasion on September 6, 1927, when the defendant became "bail or surety in a criminal case" was "after" he had "become bail or surety in criminal cases on more than three separate occasions in any twelve months' period." There is nothing in the facts to indicate that the "more than three separate occasions" on January 9, 1927, did not arise in as many separate criminal cases. But it is not essential that they should have so arisen. The "more than three separate occasions" may arise in the same criminal case. The specific numerical requirement applies to "separate occasions." The plural form "criminal cases" is used only as descriptive of a class of cases exclusive of civil cases, and is within the rule of statutory construction that "words importing the plural number may include the singular." G. L. c. 4, § 6, Fourth.

The defendant's motion for a directed finding and his requests for rulings were denied properly.

*Exceptions overruled.*