COMMONWEALTH *vs.* MICHAEL J. LEWIS.

Franklin. May 14, 1934. — May 18, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Motor Vehicle,* Operation. *Evidence,* Relevancy.

Where, at the trial of a complaint made under the provision of G. L. (Ter. Ed.) c. 90, § 24, as amended by St. 1932, c. 26, § 1, that "whoever without stopping and making known his name, residence and the number of his motor vehicle goes away after knowingly colliding with or otherwise causing injury to any other vehicle or property . . . shall be punished . . .," there was evidence that the defendant, knowing that an automobile operated by him had collided with and injured another automobile on a public way, stopped and talked with the operator of the other automobile and then went away in a third automobile without stating to the other operator his name, residence and the registration number of his automobile, it was proper to exclude testimony by the defendant that the other operator knew him.

A verdict of guilty was warranted at the trial above described even if the defendant's name was known to the other operator, there being no evidence to show that the other operator knew the defendant's residence; in that particular, if in no other, a failure by the defendant to perform the duty imposed on him by said statute was shown.

COMPLAINT, received and sworn to in the District Court of Franklin on June 20, 1933, described in the opinion.

Upon appeal to the Superior Court, the complaint was tried before *Butterworth,* J., a judge of a district court sitting

in the Superior Court under statutory authority. There was evidence that the collision in question occurred on a public way in Deerfield. Other material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict of not guilty be ordered. The defendant was found guilty and alleged exceptions.

*D. H. Keedy,* (*W. W. O'Donnell* with him,) for the defendant.

*J. T. Bartlett,* District Attorney, for the Commonwealth.

LUMMUS, J.    The defendant was convicted upon a complaint under G. L. (Ter. Ed.) c. 90, § 24, as amended by St. 1932, c. 26, § 1, which charged that the defendant on June 12, 1933, "at Deerfield . . . did upon a way, operate an automobile without stopping and making known his name residence and the number of his motor vehicle go away after knowingly colliding with and otherwise causing injury to another vehicle." That the defendant had knowledge that the automobile operated by him had collided with another operated by one Bauer, causing injury to both automobiles, and that the defendant, after some talk with Bauer, went away in the automobile of a third person without making known in words the facts required by the statute, the defendant does not dispute.

His main contention is that verbal disclosure of his name and residence was unnecessary because Bauer knew him. He contends that his bodily presence, without more, made known his name and residence to Bauer. The refusal of the judge to permit him to testify that Bauer "knew him," was right. He does not show that he had knowledge of Bauer's state of mind. One is often ignorant of the names and residences of persons whom he meets frequently, whose faces are familiar, and who consider themselves well known to him. There was no evidence, admitted or offered, that Bauer or any of the bystanders knew the residence of the defendant, even though his name was known. The defendant failed, therefore, to perform his statutory duty to make known his residence, and the law required a verdict of guilty. A verdict of not guilty could not have been directed. *Commonwealth* v. *Nurmi,* 250 Mass. 128. *Commonwealth*

*v. Coleman*, 252 Mass. 241, 243, 244.    See also *Commonwealth* v. *Horsfall*, 213 Mass. 232, 236.

The other exceptions relate to other parts of the defendant's statutory duty.    Even if they are well taken, which we do not decide, they do not impair the legal consequence of his failure to make known his residence.

*Exceptions overruled.*