COMMONWEALTH *vs.* JOSEPH McMENIMON.

Essex.   October 5, 1936. — October 27, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Motor Vehicle,* Operation.   *Statute,* Construction.   *Pleading, Criminal,*
Complaint.

The fact that the defendant in a complaint charging violation of § 24 of
G. L. c. 90 as amended by St. 1932, c. 26, § 1, knowingly collided with
a motor vehicle as set forth in the complaint and left the scene of the
accident without making known his name, residence and the regis-
tration number of his motor vehicle, was sufficient to support a verdict
of guilty without proof that he knew that he had caused damage to
the other vehicle or personal injury to any of its occupants.

COMPLAINT, received and sworn to in the Third District
Court of Essex on November 23, 1935.

On appeal to the Superior Court, there was a trial before
*R. M. Walsh,* J., a judge of a district court sitting in the
Superior Court under statutory provisions. The defendant
was found guilty and alleged exceptions.

*C. D. Brown,* for the defendant.

*J. J. Ryan, Jr.,* Assistant District Attorney, for the Com-
monwealth.

FIELD, J.   This is a complaint under G. L. c. 90, § 24, as
amended by St. 1932, c. 26, § 1, charging that the defendant
"did operate a motor vehicle upon a way . . . or in a place
to which the public has a right of access and without stop-
ping and making known his name, residence and the num-
ber of his motor vehicle, go away after knowingly colliding
with or otherwise causing injuries to the vehicle or property
of another and injuries to persons against the peace of said
Commonwealth, and contrary to the form of the statutes
in such cases made and provided." On appeal the case was
tried to a jury in the Superior Court. The defendant was
found guilty and sentenced, and execution of the sentence
was stayed pending the determination of exceptions taken
at the trial.

The exceptions, so far as argued by the defendant, are to the refusal of the judge to give the following instructions to the jury requested by the defendant: "The burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant had actual knowledge, and not merely constructive knowledge, of having caused personal injury to any persons," and "The word 'knowingly' as used in § 24 of c. 90 of the General Laws requires a consciousness on the part of the defendant of the fact that he had caused personal injuries to a person"; and to the following portion of the charge: "I charge you as a matter of law that if you find that the defendant knowingly collided with the Essex automobile, in which these women were riding, the fact that the defendant did not know that he in so colliding caused personal injury is immaterial. The fact, if you find it to be a fact, that the defendant knowingly collided with the car as set forth in the complaint and left the scene of the accident without making known his name, residence and the registration number of his motor vehicle, is sufficient to support a verdict of 'Guilty' in this case irrespective of whether or not he knew that he had caused personal injuries to the occupants of the car."

There was no error.

G. L. c. 90, § 24, as amended by St. 1932, c. 26, § 1, so far as material, provides that "Whoever upon any way, or in any place to which the public has a right of access . . . without stopping and making known his name, residence and the number of his motor vehicle goes away after knowingly colliding with or otherwise causing injury to any other vehicle or property . . . shall be punished by a fine of not less than twenty nor more than two hundred dollars or by imprisonment for not less than two weeks nor more than two years, or both," and also that "Any person who operates a motor vehicle upon any way, or in any place to which the public has a right of access, and who, without stopping and making known his name, residence and the number of his motor vehicle, goes away after knowingly colliding with or otherwise causing injury to any person,

shall be punished by imprisonment for not less than two months nor more than two years."

It is apparent that this statute describes two different crimes, one based on "knowingly colliding with or otherwise causing injury to any other vehicle or property," (see *Commonwealth* v. *Lewis*, 286 Mass. 256; *Saltman, petitioner*, 289 Mass. 554,) the other based on "knowingly colliding with or otherwise causing injury to any person." See *Commonwealth* v. *Massad*, 242 Mass. 532; *Commonwealth* v. *Nurmi*, 250 Mass. 128; *Commonwealth* v. *Bleakney*, 278 Mass. 198. Doubtless in each instance "knowingly" governs both "colliding with" and "otherwise causing injury to." See *Commonwealth* v. *Horsfall*, 213 Mass. 232, 236–237. Naturally interpreted, however, the provisions in regard to "knowingly colliding with" and "[knowingly] causing injury to," being stated disjunctively, describe alternative grounds for a conviction and not two elements of a crime both of which must be proved to support a conviction. See *Commonwealth* v. *Nurmi*, 250 Mass. 128, 131. And the language used does not naturally import that the alternatives are knowingly "causing injury" by "colliding" and knowingly "causing injury" "otherwise." If this meaning had been intended it could easily have been expressed. Indeed if this meaning had been intended it would have been unnecessary to refer specifically to injury caused by collision as distinguished from injury caused otherwise, and the specific reference thereto in the statute would be superfluous. But, by a long established canon of statutory construction, no word in a statute is to be treated as superfluous, unless no other possible course is open. *Paquette* v. *Fall River*, 278 Mass. 172, 177. See also cases cited in *Higgins's Case*, 284 Mass. 345, 350–351. Before the enactment of the statute in substantially its present form by St. 1916, c. 290, there was no specific reference to collision cases. St. 1913, c. 123, provided a penalty for an operator of an automobile "who knowingly goes away without stopping and making himself known after causing injury to any person or property." See *Common-*

*wealth* v. *Horsfall*, 213 Mass. 232; *Commonwealth* v. *Coleman*, 252 Mass. 241. Apparently one purpose of the change in the statute was to enlarge its scope so as to include the case of a collision even if the operator did not know that injury to any person or property was caused thereby. The statute in its present form naturally interpreted does not result in such obvious hardship as to indicate that the Legislature did not intend it to be so interpreted. The rule of strict construction of a penal statute does not require "that language be strained to reach a result favorable to the defendant." *Commonwealth* v. *Tsouprakakis*, 267 Mass. 496, 500. On the other hand it might reasonably be thought that a requirement, in the case of a collision, of proof of knowledge by the operator that injury resulted therefrom to any person or property would render the statute ineffective to carry out its purpose fully. It follows that proof that an operator knew that a collision of which he had knowledge resulted in such injury is not essential to support a conviction under either branch of the statute. Nothing in the previous decisions of this court requires a different conclusion.

The refusal of the judge to instruct the jury as requested by the defendant, and the judge's charge, applied to the evidence in this case, were in accord with the interpretation which we give to the statute. The evidence warranted a finding that the defendant knowingly collided with another vehicle — an automobile in which two women were riding. See *Commonwealth* v. *Bleakney*, 278 Mass. 198. The defendant makes no contention to the contrary. If such a finding was made it would be immaterial, at least under the first branch of the statute, whether the defendant knew that any person was injured by the collision. It is not contended that proof of any other essential fact was lacking. Furthermore, the complaint charges a criminal offence under this branch of the statute with substantial accuracy. See G. L. (Ter. Ed.) c. 277, §§ 17, 79; *Commonwealth* v. *Reid*, 175 Mass. 325. Compare *Commonwealth* v. *Cooper*, 264 Mass. 378, 380. No objection is or has been taken, or could be taken at this stage of the proceedings, to the complaint

for any formal defect therein. G. L. (Ter. Ed.) c. 278, § 17. *Commonwealth* v. *McKnight*, 283 Mass. 35, 38–39. Nor was there any request for an instruction distinguishing between the two branches of the statute. See *Commonwealth* v. *Blaney*, 133 Mass. 571, 572. Unnecessary allegations in the complaint need not be proved. G. L. (Ter. Ed.) c. 277, §§ 35, 79. *Commonwealth* v. *Snow*, 269 Mass. 598, 608. Therefore the requested instructions were refused rightly and the charge was correct.

The defendant properly has not argued his exception to the refusal of the judge to instruct the jury as requested by the defendant that "on all the evidence the defendant should be found 'Not Guilty.'" Whether a verdict should be ordered can be raised only by a motion. Rule 71 of the Superior Court (1932). *Commonwealth* v. *Velleco*, 272 Mass. 94, 99. We do not intimate, however, that this instruction considered on its merits was not refused rightly.

*Exceptions overruled.*