COMMONWEALTH *vs.* WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY.

Suffolk. May 4, 1967. — June 6, 1967.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*State Auditor. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority.*

Under St. 1960, c. 701, §§ 13 and 16, the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority is liable to the Commonwealth for the cost of an audit of the authority's books made by the State auditor.

CONTRACT. Writ in the Superior Court dated March 8, 1962.

The action was heard by *Good,* J.

*Richard Wait* for the defendant.

*Samuel W. Gaffer,* Assistant Attorney General, for the Commonwealth.

SPIEGEL, J. This is an action of contract to recover the cost of certain annual audits made by the State auditor. The case was heard in the Superior Court by a judge without a jury, on the pleadings and a stipulation. The case is here on the defendant's exception to the judge ordering judgment for the Commonwealth in the sum of $13,113.13.

The only issue before us is whether, under St. 1948, c. 544, § 14, and St. 1960, c. 701, §§ 13 and 16, the defendant is liable to the Commonwealth for the cost of the State audits.

The predecessor of the defendant was created by St. 1948, c. 544. Section 14 of that statute provided in material part: "The Authority shall cause an audit of its books to be made at least once in each year by the state auditor, and the cost thereof may be treated as part of the operation of the project." By St. 1960, c. 701, § 16, the defendant took over the assets of its predecessor and assumed all its liabilities. Section 13 thereof makes no material change in St. 1948, c. 544, § 14.

In St. 1966, c. 411, a major appropriations statute, item 0701-02 appropriated funds "[f]or the office of the auditor . . . provided, that any expense incurred in the audit of the . . . [defendant] shall be reimbursed by said authority, as provided by law." Similar statements are found in prior appropriations statutes.[1]

It is a well established principle of statutory interpretation that "[n]one of the words of a statute is to be regarded as superfluous, but each is to be given its ordinary meaning without overemphasizing its effect upon the other terms appearing in the statute, so that the enactment considered as a whole shall constitute a consistent and harmonious statutory provision capable of effectuating the presumed intention of the Legislature." *Bolster* v. *Commissioner of Corps. & Taxn.* 319 Mass. 81, 84–85. *Milton* v. *Metropolitan Dist. Commn.* 342 Mass. 222, 225. If the Legislature had not intended that the defendant reimburse the Commonwealth for the cost of the State audits it would not have been necessary for the statute to provide that "the

---

[1] St. 1955, c. 706, item 0701-24.
  " 1956, c. 501, " "
  " 1957, c. 438, " "
  " 1958, c. 434, " "
  " 1959, c. 433, " "
  " 1960, c. 507, " "
  " 1961, c. 495, " "
  " 1962, c. 591, " "
  " 1963, c. 500, " "
  " 1964, c. 665, " 0701-02.
  " 1965, c. 824, " "

352 Mass. 617                                                    619

Commonwealth *v.* Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.

cost thereof may be treated as part of the operation of the project." In addition, the provision in the appropriations statutes since 1955 for reimbursement reveals the legislative intent that such reimbursement be made.

The defendant discusses similar sections in the statutes setting up various other public authorities. In some instances an audit is required to be made by a certified public accountant. St. 1956, c. 465, § 21 (Massachusetts Port Authority). In others, the State auditor is specified, as in St. 1953, c. 669, § 7 (Boston Arena Authority), and in the case at bar. General Laws c. 11, § 12, was amended by St. 1962, § 733, to provide for an annual audit by the State auditor of "authorities created by the general court," and it was further provided that "The examination of the accounts of . . . authorities required by this section shall be made in addition to any audit required by the law creating such . . . authority." The defendant argues that "it seems incredible that the Legislature should have intended to saddle" those authorities required to have an audit made by an independent certified public accountant "with a second audit fee." But the audit under G. L. c. 11, § 12, as amended, is made in pursuance of the auditor's supervisory function, not as a service to the authority. Where no audit is made by an independent accountant the State auditor performs two functions. He is not only the overseer for the Commonwealth, but also performs a service for the authority.[2] We believe the Legislature intended that the Commonwealth be reimbursed for the auditor's services.

The defendant relies heavily on the fact that the statutes do not direct reimbursement in so many words. We do not consider it significant that in § 17 of G. L. c. 161A, inserted by St. 1964, c. 563, establishing the Massachusetts Bay Transportation Authority, there is specific language requiring the Commonwealth to be reimbursed for the cost of the audit. We view the 1964 statute as a clarification of any doubts which may have existed prior to its enactment, not

---

[2] We assume that both functions could be performed in a single audit by the State auditor.

as "indicative that the law as it stood before St. 1964, c. 563 . . . did not impose any obligation upon existing authorities . . . to reimburse the Commonwealth for the cost of audits made by the State Auditor" as argued by the defendant. Where, as in the instant case, the inference to be drawn from the statutory language is clear, the specific language desired by the defendant is not required.

*Exceptions overruled.*