## Commonwealth vs. Ferdinand J. Velasquez.

No. 08-P-1964.

Norfolk. December 4, 2009. - April 29, 2010.

Present: Green, Rubin, & Wolohojian, JJ.

*Motor Vehicle,* Operation, Leaving scene of accident. *Statute,* Construction.

At the trial of a criminal complaint charging the defendant with leaving the scene of a motor vehicle accident after causing property damage, in violation of G. L. c. 90, § 24(2)(a), the Commonwealth's theory that a conviction under that statute does not require proof that the accident in question caused property damage was contrary to the language of the statute, its purpose, and its construction in case law; therefore, where the Commonwealth conceded that there was no proof of damage to the telephone pole struck by the defendant's car, or to any other property of another, this court reversed the judgment, set aside the verdict, and ordered judgment for the defendant. [698-701]

Complaint received and sworn to in the Quincy Division of the District Court Department on January 22, 2007.

The case was tried before *Paul J. McCallum,* J.

*John J. Roemer,* Committee for Public Counsel Services, for the defendant.

*Jason F. Mohan,* Assistant District Attorney, for the Commonwealth.

Green, J. The defendant was tried and convicted, under G. L. c. 90, § 24(2)(a), of leaving the scene of an accident after causing property damage.[1] At trial, in opposition to the defendant's motion for a required finding of not guilty, the Commonwealth proceeded successfully on the theory that a conviction under that statute does not require proof that the accident in question

---

[1]The defendant was also convicted of negligent operation of a motor vehicle under G. L. c. 90, § 24(2)(a), but does not challenge that conviction on appeal.

caused property damage. On appeal, the Commonwealth presses the same claim.[2] We disagree, and reverse the conviction.

*Facts.* Viewed in the light most favorable to the Commonwealth, see *Commonwealth* v. *Latimore,* 378 Mass. 671, 676-677 (1979), the jury could have found the following facts. On September 11, 2006, Patrick Duggan was driving his car on Park Avenue West in Weymouth when he saw that a vehicle in front of him had crashed into a telephone pole. Duggan saw a man (whom he later identified as the defendant) walking away from the crashed vehicle. The defendant admitted that he had been operating the vehicle at the time of the accident. Duggan noticed that the defendant's vehicle came to rest in contact with a telephone pole and was halfway over the sidewalk. He also noticed that the vehicle's hood was dented in about three or four inches. The defendant advised Duggan that he was in pain and wanted to go home. Duggan advised the defendant to remain at the scene or be transported to a hospital. However, the defendant refused to stay at the scene, and asked Duggan to drive him to the defendant's apartment. Duggan complied with the defendant's request, leaving the vehicle unattended and on the sidewalk.

Duggan helped the defendant into his apartment and met the defendant's wife. The defendant's wife asked Duggan to drive a female relative of the defendant back to the accident scene, and Duggan did so. When Duggan and the woman arrived back at the accident scene, emergency vehicles from the Weymouth police and fire departments were there. Weymouth police Officer Scott Ficarra drove the woman back to the defendant's apartment and there encountered the defendant, who again admitted that he was operating the vehicle when the accident occurred.

*Discussion.* "To support a conviction on the charge of knowingly leaving the scene of an accident involving property damage, the Commonwealth must present legally sufficient evidence for a reasonable fact finder to conclude the defendant operated the motor vehicle at the time of the accident resulting in property damage." *Commonwealth* v. *Platt,* 440 Mass. 396, 401 (2003). More precisely, "the Commonwealth must prove beyond a reasonable doubt that (1) the defendant operated a motor vehicle

---

[2]The Commonwealth concedes that the evidence presented at trial (which included photographs of the accident scene) did not establish that the accident caused damage to any property other than the defendant's own vehicle.

(2) on a public way (3) and collided with or caused injury in some other way to another vehicle or to property; (4) the defendant knew that he had collided with or caused injury in some other way to that other vehicle or property; and (5) after such collision or injury, the defendant did not stop and make known his name, address, and the registration number of his motor vehicle. G. L. c. 90, § 24(2)(*a*)." *Id.* at 400 n.5.

The Commonwealth points to the disjunctive "or" appearing in the third element recited above, arguing that it need only prove that a collision occurred and that if a collision occurred, there need be no proof that the collision caused any damage to another vehicle or property.[3] The argument is at odds with both the language and the purpose of the statute.

"Before the enactment of the statute in substantially[4] its present form by St. 1916, c. 290, there was no specific reference to collision cases. St. 1913, c. 123, provided a penalty for an operator of an automobile 'who knowingly goes away without stopping and making himself known after causing injury to any person or property.' " *Commonwealth* v. *McMenimon*, 295 Mass. 467, 469 (1936). "Apparently one purpose of the change in the statute was to enlarge its scope so as to include the case of a collision even if the operator did not know that injury to any person or property was caused thereby." *Id.* at 470.

In *Commonwealth* v. *McMenimon*, the court rejected the argument that the statute requires proof that the defendant who knew that his automobile had collided with the person or property of another also knew that the collision had caused injury. "Naturally interpreted . . . the provisions in regard to 'knowingly colliding with' and '[knowingly] causing injury to,' being stated disjunctively, describe alternative grounds for a conviction and not two elements of a crime both of which must be

---

[3]General Laws c. 90, § 24(2)(*a*) reads, in pertinent part, as follows:

"[W]hoever without stopping and making known his name, residence and the register number of his motor vehicle goes away after knowingly colliding with or otherwise causing injury to any other vehicle or property . . . shall be punished by a fine of not less than twenty dollars nor more than two hundred dollars or by imprisonment for not less than two weeks nor more than two years, or both."

[4]The only change has been the addition of the word "register."

proved to support a conviction." *Id.* at 469. Rejecting the possibility that the alternatives might instead be "knowingly 'causing injury' by 'colliding' and knowingly 'causing injury' 'otherwise,' " the court explained that "if this meaning had been intended it would have been unnecessary to refer specifically to injury caused by collision as distinguished from injury caused otherwise." *Ibid.* Under *McMenimon,* it is unnecessary in a case involving collision to·prove that the defendant knew that the collision caused injury, so long as there is proof that the defendant knew of the collision. That is not to say, however, that it is unnecessary to establish that injury occurred (whether known or unknown to the defendant); it is plain from the quoted language that the court understood the statute to refer specifically to injury caused by collision, and not collision that did not cause any injury.

Moreover, we note that the Commonwealth's proffered construction would render the word "otherwise" superfluous, contrary to a fundamental principle of statutory construction. See *Commonwealth* v. *Millican,* 449 Mass. 298, 300 (2007) ("None of the words of a statute is to be regarded as superfluous"), quoting from *Commonwealth* v. *Woods Hole, Martha's Vineyard and Nantucket S.S. Authy.,* 352 Mass. 617, 618 (1967). By its position in the sentence, the word "otherwise" is designed to delineate two classes of injuries: those caused by collision, and those caused "otherwise." If the disjunctive "or" were designed to separate entirely the terms "colliding with" and "causing injury," the word "otherwise" would be unnecessary.[5]

Finally, we note that the broader purpose of the statute was the subject of commentary on the earlier version of it, in *Commonwealth* v. *Horsfall,* 213 Mass. 232, 236-237 (1913): "Its obvious purpose is to enable those in any way injured by the operation of an automobile upon a public way to obtain forthwith accurate information as to the person in charge of the automobile. It should be interpreted in such way as to effectuate this end. . . . While the statute does not state in terms to whom this information shall be given, its plain implication is that it must

---

[5]At the very least, the word "otherwise" creates an ambiguity, and under the principle of lenity, the defendant is entitled to the benefit of that ambiguity. *Commonwealth* v. *Cahill,* 442 Mass. 127, 133 (2004).

be furnished to those whose person or property has been injured, if reasonably possible, and if not to some one in their interest or to some public officer or other person at or near the place and time of injury." The objective of the statute to furnish needed information to persons whose property is damaged by an automobile is not implicated in circumstances where no damage occurs.

It is of course conceivable that in some cases, the nature of the collision might alone suffice to support a rational inference that damage inevitably resulted, as perhaps where the object struck by the vehicle is relatively fragile or malleable in comparison to the vehicle, or where the evidence of the collision itself reveals that it occurred at a high rate of speed. But some objects are relatively impervious to damage from low speed vehicular impact (a granite rock face comes to mind), and we need not speculate on inferences that may be supported in cases other than the one before us. In any event, we believe it imposes very little burden on the Commonwealth in most cases to present evidence that a collision has caused damage to property of another. In the present case, the Commonwealth has conceded that there was no proof of damage to the telephone pole struck by the defendant's car, or to any other property of another.

In sum, based on the language of the statute, its purpose, and its construction in *McMenimon*, we reach the unremarkable conclusion that, to support a conviction for leaving the scene of an accident causing property damage, the Commonwealth must prove that the accident caused property damage.

*Judgment reversed.*

*Verdict set aside.*

*Judgment for the defendant.*