## Commonwealth *vs.* Paul M. Daley.

Norfolk. September 4, 2012. - October 26, 2012.

Present: Ireland, C.J., Spina, Cordy, Botsford, Gants, Duffly, & Lenk, JJ.

*Motor Vehicle,* Leaving scene of accident.

At the trial of an indictment charging leaving the scene of an accident where death resulted, the judge properly granted the defendant's motion for relief from judgment, where the Commonwealth had not proved beyond a reasonable doubt that the defendant knew he had collided with a person, as required by the plain language of G. L. c. 90, § 24 (2) (*a* ¹/₂) (2). [623-626]

Indictment found and returned in the Superior Court Department on March 3, 2010.

The case was heard by *Kenneth J. Fishman,* J., and a motion for postconviction relief was also heard by him.

The Supreme Judicial Court granted an application for direct appellate review.

*Pamela Alford,* Assistant District Attorney, for the Commonwealth.

*George C. McMahon (Joseph F. Flaherty* with him) for the defendant.

Ireland, C.J. We granted the Commonwealth's application for direct appellate review to determine whether the crime of leaving the scene of an accident where death resulted requires the Commonwealth to prove that the defendant knew he collided with a person. G. L. c. 90, § 24 (2) (*a* ¹/₂) (2). Because the Superior Court judge initially agreed with the Commonwealth that it had no such burden, he found the defendant guilty. However, the judge allowed the defendant's motion for relief from judgment on the ground that the Commonwealth did have such a burden of proof and ordered a judgment of acquittal to be entered. The Commonwealth appealed. Because we conclude that the Commonwealth must prove the defendant knew he

"collide[d] with or otherwise cause[d] injury to" a *person*, we affirm.

*Relevant statute.* General Laws c. 90, § 24 (2) (*a* ¹/₂) (2) states, in relevant part:

> "Whoever operates a motor vehicle upon any [public way or place] . . . and without stopping and making known his name, residence, and the registration number of his motor vehicle, goes away to avoid prosecution or evade apprehension after knowingly colliding with or otherwise causing injury to any person shall, if the injuries result in the death of a person, be punished . . . ."

*Facts and procedure.* On the night of December 23, 2009, the defendant was driving on Robertson Street in Quincy. Snowbanks one to two feet high lined the street. The defendant struck the victim with the passenger side of his Toyota truck. The next morning, a motorist discovered the victim's body on the sidewalk between snowbanks and alerted the police.[1] The victim had died of blunt force trauma to the chest. Toxicology reports determined that the victim's blood alcohol level was .25 per cent.

Later that morning, police officials determined that a Toyota truck had struck the victim. They held a press conference asking the public for assistance in finding the vehicle. The defendant heard the announcement on the radio and, through an attorney, contacted the police in the early afternoon.

That day, the defendant gave permission to police to impound his truck for inspection. On December 26, he went to the police station for an interview. His account of events, which the judge found credible and consistent with the evidence, was as follows.

On the night of December 23, the defendant had attended a party at his son's house on Sea Street in Quincy. Between approximately 8 P.M. and 10:30 P.M., he consumed two glasses of wine, as well as some food. At approximately 11 P.M., the defendant was on his way home, driving along Robertson Street. He saw no one on the street. He had a drink of coffee from a cup he had in the truck's cup holder and, when he went to put it

---

[1] The victim's body was on the shoveled sidewalk in between snowbanks, one of which lined the road, and the other appears to have been on property that was adjacent to the sidewalk.

back, "it spilled and [he] . . . reached for it and . . . felt an impact." He stopped his truck in the middle of the road, approximately one hundred feet from the impact, got out of the truck, and walked back approximately ten to twenty feet, but did not see anything in the snowbank. Because there was traffic, he got back in his truck and drove away but, while doing so, looked in his rear view mirror to determine whether he could see anything.

As he drove along to another street, he realized that his truck did not have its side view mirror and thought that he might have hit a fire hydrant, a street sign, or a bus sign because it was "something pretty solid." He continued to his home and decided that he would contact his insurance company the next day. Before he did so the next morning, he took his other vehicle to finish some Christmas shopping, after which he heard the police press conference.

The defendant was indicted on motor vehicle homicide, negligent operation of a motor vehicle, and leaving the scene of an accident where death resulted. During a bench trial, the defendant moved for required findings of not guilty at the close of the Commonwealth's evidence and renewed the motion at the close of all evidence. The motions were denied. However, the judge found the defendant not guilty of the first two indictments. Concerning the remaining indictment, the salient issue was whether the statute required the Commonwealth to prove beyond a reasonable doubt that the defendant knew he collided with a person, as opposed to knowing that he collided with an object. The judge initially agreed with the Commonwealth that the statute required that the Commonwealth prove only that the defendant knew he collided with an object. When he found the defendant guilty, the judge stated:

> "For the record, should this case be subject to appellate review, my verdict would have been not guilty on this indictment . . . if the Commonwealth had the burden to prove beyond a reasonable doubt that the defendant knew that he had collided with another person."

After the trial, but before sentencing, the defendant filed another motion to set aside the conviction and enter a "judg-

ment of acquittal," pursuant to Mass. R. Crim. P. 25 (a), 378 Mass. 896 (1979). At the sentencing hearing, the judge stated that he had reconsidered the law and concluded that he had made an error in interpreting the statute. The judge stated that the statute did require that a defendant must have knowledge that he collided with a person, and that he should have found that the Commonwealth did not meet its burden of proving that the defendant was seeking to avoid responsibility when he left the scene of the accident. The judge concluded that he could not consider a motion under rule 25 (a) because the trial had concluded. However, he invited the defendant to file a motion pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). Because of the posture of the case the judge also concluded that he was required to sentence the defendant but allowed his motion for a stay of execution.

The defendant then moved pursuant to rule 30.[2] In his memorandum of decision and order on the motion, the judge stated that the defendant was not guilty of leaving the scene of an accident where death resulted because, as a matter of fact, the Commonwealth did not prove he knew he collided with a person. The judge also stated that he had erred in finding the defendant guilty and resolved the error of law by entering a judgment of acquittal, stating that a new trial would have raised double jeopardy concerns.

*Discussion.* General Laws c. 90, § 24 (2) (*a* ¹⁄₂) (2), criminalizes leaving the scene of an accident. At issue here is the statute's clause "after knowingly colliding with or otherwise causing injury to any person." We look first to the statute's language, which we read according to its plain and ordinary meaning when the text is clear and unambiguous. *Foss* v. *Commonwealth*, 437 Mass. 584, 586 (2002). In statutory interpretation, "[n]one of the words of a statute is to be regarded as superfluous." *Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.*, 352 Mass. 617, 618 (1967), quoting

---

[2]Rule 30 (b) of the Massachusetts Rules of Criminal Procedure, as appearing in 435 Mass. 1501 (2001), states: "The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done. Upon the motion the trial judge shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law."

*Bolster* v. *Commissioner of Corps. & Taxation*, 319 Mass. 81, 84-85 (1946).

The Commonwealth argues that a defendant who leaves the scene of a collision that results in death, without leaving pertinent information, violates the law regardless of whether the defendant knows that he collided with a person. To support this argument, the Commonwealth asserts that the statute consists of two parts, "colliding" and "causing injury," where the adverb "knowingly" modifies only the verb "colliding."

The ordinary language of the sentence guides our interpretation. See *Ten Local Citizen Group* v. *New England Wind, LLC*, 457 Mass. 222, 229 (2010) (preposition undefined in statute interpreted according to its plain meaning); *Rowley* v. *Massachusetts Elec. Co.*, 438 Mass. 798, 802 (2003) (statute's phrase interpreted using standard rules of statutory construction and grammar). In its ordinary usage, the adverb "knowingly" modifies both verbs within the clause. See *Flores-Figueroa* v. *United States*, 556 U.S. 646, 647 (2009) (adverb "knowingly" applies to all subsequently listed elements of crime in 18 U.S.C. § 1028A[a][1]). The verbs "colliding" and "causing injury" are followed respectively by the prepositions "with" and "to," signaling that an object follows, here, "any person." Accordingly, when the clause is read as a whole, it states that a defendant must have left the scene *after knowingly colliding with a person* "or otherwise" *after knowingly causing injury to a person*, if the injuries result in death in order to fall under the purview of the statute. The flaw in the Commonwealth's interpretation is that it disregards the preposition "with," rendering this word superfluous. See *Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.*, *supra*. We conclude that, based on the ordinary use of the statute's language, the adverb "knowingly" in G. L. c. 90, § 24 (2) (*a* ½) (2), modifies both "colliding" and "causing injury." Cf. *Commonwealth* v. *Velasquez*, 76 Mass. App. Ct. 697, 700 (2010) (adverb "knowingly" applies to both "colliding with" and "causing injury to" property).

The Commonwealth relies on *Commonwealth* v. *McMenimon*, 295 Mass. 467 (1936), and *Commonwealth* v. *Horsfall*, 213 Mass. 232 (1913), to support its argument that "knowingly"

modifies only the verb "colliding." The Commonwealth argues these cases show that the statute's purpose is to punish those who knowingly leave the scene where a person has been injured, resulting in death, regardless of whether the defendant knew he collided with a person.

These cases are not apt. They interpret earlier versions of the statute where the crimes of injury to a person or property were included in one statute. See *Commonwealth* v. *McMenimon, supra* at 468-469 (G. L. c. 90, § 24, as amended by St. 1932, c. 26, § 1, criminalized leaving scene after knowingly colliding with or otherwise causing injury to property or another person; court concluded "knowingly" modified "colliding" and "causing injury"); *Commonwealth* v. *Horsfall, supra* at 234 (St. 1909, c. 534, § 22, criminalized reckless operation of motor vehicle and leaving scene after causing injury to person or property). Moreover, they can be distinguished on their facts. Neither case involved the issue whether a defendant knew that he collided with a person. See *Commonwealth* v. *McMenimon, supra* at 470 (defendant knew he collided with vehicle in which two women were riding); *Commonwealth* v. *Horsfall, supra* at 236 (defendant knew he collided with person, waited "considerable time" before leaving scene, and asked his agent to give his identification).[3]

The Commonwealth next argues, in essence, that the statute's legislative history gives credence to its interpretation. "When the words are clear and, when assigned their ordinary meaning, yield a workable and logical result, we interpret the statute without resort to extrinsic aids, such as legislative history." *Foss* v. *Commonwealth, supra.* Although we need not address the statute's legislative history here, our interpretation is supported by the structure of the statute.[4] We also note that, even if we were to conclude that this criminal statute is ambiguous, we

---

[3] In the other cases relied on by the Commonwealth, it also is clear that each defendant knew that his vehicle had hit a person. See *Commonwealth* v. *Porro*, 458 Mass. 526, 527 (2010) (defendant in moving vehicle swerved into victim after threatening him with gun); *Commonwealth* v. *Robbins*, 414 Mass. 444, 445 (1993) (defendant told witness that victim, a passenger in his car, jumped into street); *Commonwealth* v. *Joyce*, 326 Mass. 751, 752 (1951) (defendant returned to injured victim after collision and asked witnesses to lie about his involvement).

[4] In the various portions of G. L. c. 90, § 24, the Legislature established different penalties where colliding results in injury to property or colliding

must "give the defendant the benefit of the ambiguity." *Commonwealth* v. *Williamson*, 462 Mass. 676, 679 (2012), quoting *Commonwealth* v. *Roucoulet*, 413 Mass. 647, 652 (1992).[5]

Here, the uncontested facts are that the defendant knew he had a collision. The judge, as the trier of fact, determined the Commonwealth did not prove beyond a reasonable doubt that the defendant knew he had collided with a *person*. Therefore, the defendant did not knowingly collide with a person or otherwise injure a person, resulting in death, within the meaning of G. L. c. 90, § 24 (2) (*a* 1/2) (2).

*Conclusion.* Based on the plain language of the statute, we conclude that leaving the scene of an accident causing injury to a person, resulting in that person's death, requires the Commonwealth to prove that the defendant knew he collided with a person "or otherwise" caused injury to a person.

*Judgment affirmed.*

results in injury to a person. A person who leaves the scene of an accident after knowingly colliding with or otherwise causing injury to a vehicle or property shall be sentenced to a term of imprisonment of from two weeks to two years, or a fine of from twenty dollars to $200. G. L. c. 90, § 24 (2) (*a*). The penalty of a fine of from $500 to $1,000, in addition to imprisonment of from six months to two years, is imposed for leaving the scene of an accident after colliding with a person, not resulting in death. G. L. c. 90, § 24 (2) (*a* 1/2) (1). However, the most stringent penalty, a fine of from $1,000 to $5,000 dollars and imprisonment in the State prison from two and one-half years to ten years, or a fine of from $1,000 to $5,000 and imprisonment in a jail or house of correction from one year to two and one-half years, is imposed for leaving the scene of an accident where there is a collision causing injury to a person, resulting in death. G. L. c. 90, § 24 (2) (*a* 1/2) (2). If, as the Commonwealth argues, the Legislature intended G. L. c. 90, § 24 (2) (*a* 1/2) (2), to require an individual to stop whenever he collides with any object, there would be no need to create more severe penalties where a person is injured or killed.

[5]The Commonwealth also argues, in essence, that the phrase "to avoid prosecution or evade apprehension" in the statute is intrinsically connected with the analysis of the defendant's knowledge, rather than a separate element providing grounds for relief under Mass. R. Crim. P. 25, as amended, 420 Mass. 1502 (1995). In the Commonwealth's view, the defendant, by not timely leaving information, has avoided prosecution and evaded apprehension. Because of our conclusion, we leave the issue of the meaning of the phrase "to avoid prosecution or evade apprehension" to another day. We also decline to discuss the statute's provision requiring that an operator provide identification because an operator must know he collided with a person before presenting information. See *Commonwealth* v. *Joyce*, *supra* at 754 (where defendant leaves information, he "impliedly state[s] he had knowingly collided with a person").