Lenhoff, J.
This is an action instituted pursuant to G. L. c. 90, § 34M by the plaintiff against its motor vehicle insurer whereby it seeks to recover personal injury protection benefits of $2,000.00.[1]
The defendant insurer’s defense thereto is based upon the following material portion of said G.L. c. 90, § 34A:—
“.Insurers may exclude from personal injury protection benefits if such person’s conduct contributed to his injury in any of the following ways while operating a motor vehicle in the Commonwealth.
(1) While under the influence of alcohol."
After hearing, the Trial Court caused a judgment to be entered for the defendant.
In its Findings of Fact, the Trial Court’s sole subsidiary finding regarding contact of the plaintiffs motor vehicle with or by the defendant’s motor vehicle (a van), was that there was a collision at the intersection of Walnut and Springfield Streets in Agawam. Other than the foregoing, the Report cites no evidence relating to the accident resulting in injury to the plaintiff. The Trial Court concluded its Findings by stating the following:—
“In these circumstances, I rule that intoxication contributed to his injuries • in that his ability to operate a motor vehicle safely was thereby impaired. It is unnecessary to weigh the relative degree of negligence between the driver in this intersection accident because the language of the exclusion makes operation of a motor vehicle while under the influence of alcohol a type of conduct deemed to be a contributory factor to the injury.”
Consistent with its above stated conclusion, the Trial Court denied the (b) sub-paragraph of plaintiffs Request for Ruling of Law No. 5.-
The plaintiff, being aggrieved, by such denial of subparagraph (b) of plaintiffs RequestNo. 5 plus the denial ofRequests numbered 7, 9,11, 12,13 and 14 relating to blood alcohol evidence, is before this Appellate Division for determination.
The plaintiffs Requests numbered 7,9,11,12,13 and 14 concern evidence. *129 They are not properly before this Court. When one claims erroneous evidentiary rulings, that party lias a duty and responsibility to preserve his rights for appellate review in accordance with Dist./Mun. Cts. R. Civ. I\, Rule 64(a). To do so, there must be an objection to the ruling, a claim of a report; and, a reduction of the matter to writing and submitted to the Trial Court within five (5) days of the hearing. Krock v. Consolidated Mines & Power Co., 286 Mass. 177, 180 (1934). Therefore, we need not be concerned with same and take no action accordingly.
We recognize that the Trial Court’s disposition of subparagraph (b) of plaintiffs Request No. 5 is the linchpin of the Trial Court’s ultimate judgment. If same be held t.o be erroneous, judgment for the plaintiff would be in order. We so state in view of the allowance of plaintiff’s Request No. 3[3], there being no subsidiary facts of any causally related negligence-[4] of the plaintiff in the case as reported. The foregoing obtains notwithstanding that the Trial Court set forth that though it allowed said Request No. 3, it “found facts otherwise”. Such “facts found otherwise” was solely confined to its finding that the plaintiff was operating a motor vehicle while under the influence of liquor.
None of the words appearing in a statute can be regarded as superfluous. Springfield v. Director of the Division of Employment Security, 398 Mass. 786, 789 (1986). They are to be interpreted not to render any portion thereof meaningless. Adomowicz v. Ipswich, 395 Mass. 757, 760 (1985). And, astatute should be interpreted to accord meaning to all words when possible. Commonwealth v. Brown, 391 Mass. 157, 162 (1984); Commonwealth v. Woods Hole, Martha's Vineyard & Nantucket S.S. Authy., 352 Mass. 617, 618 (1967).
With the above decided law before us, we read the material part or portion of G.L. C. 90, § 34A to exclude from personal injury protection benefits, an insured who operates a motor vehicle “while under the influence of alcohol” ‘If such person’s conduct contributed to his injury.”
The Trial Court’s interpretation considers the verbiage “if such person’s conduct contributed to his injury" superfluous, for its conclusion would apply with the same force had the quoted language been totally absent therefrom. Hence, it follows that no significance or meaning was given or attached by the Trial Court to the words above underscored.
Consequently, we hold that section 34A, supra, requires that one must not only be found to be operating a motor vehicle under the influence of liquor; but must also have contributed to his injury. We cannot equate a diminished capacity to operate safely with an actually impaired operation that causally contributes, in some measure, to the injury sustained. In order to accord significance to the Legislative language employed, no other interpretation thereof appears reasonable.
Hence, the Trial Court’s denial of sub-paragraph (b) of plaintiffs Request No. 5 is found to be prejudicial error.
Because there is no evidence present to establish that the plaintiffs conduct contributed to his injury, the judgment heretofore entered be and is hereby vacated. In place thereof, judgment is to be entered for the plaintiff in the sum of $2,000.00.
So ordered.

 Though the Report sets forth that the plaintiff liad sustained bodily injuries requiring the expenditure of $3,09:3.65, recovery is limited for personal injury protection to the sum of $2,000.00. See G.L. c. 90, g 34A.
-5. The defendant, in order to sustain its burden of proof in this case, must prove two things:
(a) That the plaintiff was under the influence of alcohol;
ALLOWED (By the Court)
(b) That while under the influence of alcohol, the plaintiff operated his vehicle in such a manner so as to contribute to his injury.
DENIED (By tile Court)

. The evidence warrants a finding that the plaintiff operated his vehicle m a reasonably safe manner and there is no evidence that the plaintiff was contributorily negligent.
ALLOWED, but I find facts to be otherwise (By the Court)

 Violation of a statute is mere evidence of negligence and in order to have legal efficacy such violation must causally contribute to an accident or the injuries resulting therefrom. Pea body v. Campbell, 281} Mass. 295, 801, (1934).