Dolan, PJ.
This is an action in which plaintiff seeks to recover personal injury protection benefits from his no fault automobile insurance carrier. The court found for the defendant and plaintiff has appealed, alleging there is insufficient evidence[1] for the exclusion provision of G.L.c. 90, §34A to apply. That provision authorizes insurers to exclude a person from personal injury protection benefits if such person’s conduct contributed to his injury by, among other things, operating a motor vehicle while under the influence of alcohol. We affirm.
The court found that plaintiff was operating his motor vehicle on Route 44 in Plymouth an April 21,1988, and that his vehicle then and there ran into the front left corner of another vehicle. As a result of the collision, plaintiff was injured. If the exclusion provision does not apply, plaintiff would be entitled to personal injury protection benefits. However, the court also found that plaintiff was legally intoxicated and that he contributed to his injury by operating his motor vehicle while under the influence of alcohol. These findings are supported by evidence. See, Jenks v. Allstate Insurance Company, 1987 Mass. App. Div. 128.
There was evidence that plaintiff had consumed 11-12 beers in the six hours prior to the collision and that a blood test was taken of plaintiff which resulted in a blood alcohol concentration of .14. This evidence supports the finding that plaintiff was operating his motor vehicle while under the influence of alcohol.
There was evidence that plaintiff contributed to his injury as a result of his own negligence. Plaintiff was operating his vehicle westbound on Route 44 in Plymouth. At the same time, Leo Rechtman was backing his tractor/trailer into a parking lot on the northbound side of Route 44 at the entrance to the Clear Pond Cabins. The plaintiff’s vehicle had its headlights activated. Leo Rechtman’s cab had its headlights, flashers and cab lights activated and the car carrier was empty. Leo Rechtman’s trailer also had its lights and flasher activated. The plaintiff had a clear and unobstructed view of the truck from approximately two hundred ten feet away. Traffic travelling eastbound on Route 44 had stopped to let Mr. Rechtman back his tractor trailer into the parking lot. Those stopped eastbound vehicles also had their headlights activated. An overhead street light across Route 44 from the entrance to the parking lot illuminated the roadway. The plaintiff ran his vehicle into the front left corner of Leo Rechtman’s trailer. This evidence supports the finding that plaintiff’s conduct contributed to his injury.
The evidence supports the subsidiary findings and the subsidiary findings support the finding for the defendant.
Report dismissed.

 The court denied plaintiff’s request for a ruling of law that “There is no evidence that plaintiff was contributorily negligent.”