COMMONWEALTH vs. EILEEN B. DONOHUE.

No. 95-P-1238.

Barnstable. March 20, 1996. - August 13, 1996.

Present: SMITH, KAPLAN, & IRELAND, JJ.

*Motor Vehicle,* Leaving scene of accident. *Practice, Criminal,* Required finding.

At the trial of a complaint for leaving the scene of a motor vehicle accident after causing personal injury, in violation of G. L. c. 90, § 24 (2) ($a^1/2$) (1), evidence that the defendant had struck a pedestrian, stopped, and left him alone and unconscious in the road and had notified the police approximately thirty minutes later from some three miles away was sufficient to warrant denial of the defendant's motion for a required finding of not guilty at the close of the Commonwealth's case. [93-95]

COMPLAINT received and sworn to in the Orleans Division of the District Court Department on June 27, 1994.

The case was tried before *W. James O'Neill,* J.

*Conrad W. Fisher (Elizabeth Ann Fisher* with him) for the defendant.

*Julia K. Holler,* Assistant District Attorney *(Peter A. Lloyd,* Assistant District Attorney, with her) for the Commonwealth.

SMITH, J. As a result of an accident during the early morning hours of June 25, 1994, the defendant was charged with and a District Court jury of six returned a verdict of guilty of operation of a vehicle and going away without stopping and making known her name, residence, and registration number after colliding with or causing injury to a person. G. L. c. 90, § 24(2)($a^1/2$)(1).[1] On appeal, the defendant raises one issue; she claims that the judge committed error in denying her mo-

[1]The defendant was also charged with (1) vehicular homicide by reckless or negligent operation of a vehicle while under the influence of intoxicating liquor, G. L. c. 90, § 24G(*b*); (2) operation of a vehicle while under the influence of intoxicating liquor, G. L. c. 90, § 24; and (3) negligent operation of a vehicle so as to endanger the public, G. L. c. 90, § 24. The jury returned verdicts of not guilty on those three charges.

tion for a required finding of not guilty at the close of the Commonwealth's case in chief. We consider the evidence, viewing it in the light most favorable to the Commonwealth, to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1978).

, At sometime between 1:30 and 2 A.M., Karen Silva was driving home on Route 6 in North Truro. It was foggy, and visibility was about a mile. She came upon the body of a man lying in the road. Route 6 at this point was a four-lane, undivided highway. Silva stopped her car, examined the body, and noticed that the man was lying on his side with his head in a pool of blood. Glass was in the road, and a mangled bicycle was nearby. Other motorists stopped, and one with a cellular telephone called the police. Another motorist drove to a pay telephone and called the rescue department. At approximately 2 A.M., a police officer arrived, followed shortly thereafter by a paramedic. The paramedic examined the body and could find neither a pulse nor any heart-lung sounds. It was determined at the scene that the victim had died as a result of multiple injuries sustained in a collision with a motor vehicle. From the debris, the police concluded they were looking for a red Datsun-type vehicle with possible front-end damage. There also was evidence that the vehicle that had hit the victim had come to a complete stop after the impact.

About 2:30 A.M., a police dispatcher in Provincetown received a telephone call from the defendant. The defendant stated that she had been in an accident and had hit someone. She was calling from a pay telephone located in a restaurant parking lot. The officer told the defendant to stay there; he would notify the Truro police department. After that department was notified, an officer at the accident scene was dispatched to the defendant's location, where she had made the telephone call, which was about three minutes from the accident scene and 3.7 miles from the defendant's apartment on Parmet Road in Truro.[2] At the location, the defendant approached the officer and identified herself as the person who had struck the victim. She told the officer that she had

[2]The defendant's apartment was six miles from the accident scene.

"panicked" after the accident. The officer detected a moderate odor of alcohol about the defendant.

There was evidence that the defendant had just started to work for the National Seashore as a lifeguard and had lived in the area for the past four summers. She drove a red Datsun. At about 1:50 A.M., she had dropped off a friend at the friend's apartment in Truro and was driving home when the accident happened.[3]

The defendant cites three reasons in support of her claim that she was entitled to a required finding of not guilty as matter of law. They are that (1) the Commonwealth failed to prove that she failed to make herself known at the scene to the decedent before his death; (2) there was no one at the scene to make herself known to and, therefore, literal compliance with the statute was impossible; and (3) under the unusual circumstances here, her conduct constituted compliance with the statute.

General Laws c. 90, § 24(2)($a^1/_2$)(1), as appearing in St. 1991, c. 460, § 2, states in pertinent part:

> "Whoever operates a motor vehicle upon any way . . . to which the public has right of access, . . . and without stopping and making known his name, residence and the registration number of his motor vehicle, goes away after knowingly colliding with or otherwise causing injury to any person . . . shall be punished . . . ."

Clearly, an essential element of the offense that the Commonwealth must prove beyond a reasonable doubt is that the defendant went away "without stopping and making known [her] name, address . . . and registration number." See *Commonwealth* v. *Joyce*, 326 Mass. 751, 754 (1951).

There was no direct evidence of the defendant's behavior at the accident scene. There was evidence, however, that her vehicle came to a complete stop and that, at that time, the victim was either unconscious or dead. There was sufficient evidence from which the jury reasonably could have inferred

---

[3]The defendant presented evidence that after the accident she arrived at her apartment in a panicked state and talked to her roommate. The telephones at her place of residence were not working, and, therefore, the roommate drove the defendant to the pay telephone where the defendant called the police.

that the defendant did not make herself known to the victim before his death, including the victim's condition, the defendant's statement that she "panicked" and left the accident scene, and her subsequent notification to the police of the necessary identifying information.

The defendant argues that, even if the Commonwealth's evidence had established that the defendant failed to provide the necessary identifying information to the victim, such failure, as matter of law, should not be construed to violate the statute. She claims that compliance was not reasonably possible because of the fact that the victim was either dead or unconscious, and there was no one else in the area. These circumstances, however, do not, as matter of law, relieve the motorist-defendant of the duty to provide the necessary information. In *Commonwealth* v. *Horsfall*, 213 Mass. 232, 236 (1913), the court, in interpreting the statute, stated that the duty upon the motorist is to provide the necessary information to the person injured, *"if reasonably possible, and if not to some one in their interest or to some public officer or other person at or near the place and time of injury"* (emphasis added). Thus, in the circumstances present here, the statute would have been satisfied if the defendant had stayed at the scene and provided the necessary information to any motorist or police officer who subsequently arrived at the scene or if she left to find a telephone and immediately called the police and gave the necessary information.[4]

Finally, the defendant argues that, because she notified the police of her identity and involvement in the accident within approximately thirty minutes of the accident and within two or three miles of the accident scene, her conduct under the circumstances constitutes reasonable compliance as matter of law. We disagree.

The Commonwealth presented evidence that, after the impact, the defendant "panicked," left the scene, and, although familiar with the area, drove by at least five pay telephone locations to her apartment. At least two of the pay telephones were working at that time — one was used by a

---

[4]We note that, in her brief, the defendant argues that she left the scene to obtain assistance for the victim. There was no evidence at the trial — in either the Commonwealth's or the defendant's case — that she left the scene for that reason. Rather, the only evidence as to why she left the scene is that she panicked.

motorist to call the rescue department, the other by the defendant herself. In these circumstances, it was for the jury to determine if the time and place of the defendant's report of the accident with the information required by the statute was reasonable.

We affirm the denial of the defendant's motion for a required finding of not guilty.

*Judgment affirmed.*